UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADJOURNIA JONES, | CIVIL ACTION 1:15-cv-02204 |
| Plaintiff, | |
| v. | COMPLAINT |
| MODERN LAW GROUP, LLC, and PENDRICK CAPITAL PARTNERS, LLC. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW COMES the Plaintiff, ADJOURNIA JONES (hereinafter "Jones"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, MODERN LAW GROUP, LLC ("MLG") and PENDRICK CAPITAL PARTNERS, LLC ("Pendrick"), (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Jones brings this action against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227, and against Pendrick for violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C.

1

§ 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Jones resides in this District and a substantial part of the events or omissions occurred in this District.

## PARTIES

5. Jones is a consumer and natural person over 18-years-of-age who at all times relevant resided at 391 Providence Drive, Matteson, Illinois 60443.

6. Defendant MLG is a Massachusetts law firm with its principal place of business located at 10 Middlesex Avenue, Suite 10, Wilmington, Massachusetts 01887.

7. MLG is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts

8. Defendant Pendrick is a Delaware limited liability corporation with its principal place of business located at 1714 Hollinwood Drive, Alexandria, Virginia 22307.

9. Pendrick is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## BANKRUPTCY CASE

10. On July 2, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 14-24763 ("bankruptcy"), invoking the protections of the bankruptcy automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Filing.

11. Prior to filing the bankruptcy, Plaintiff incurred medical debt ("subject debt") with Emergency Medicine Physicians of Cook County LLC ("EMP") for medical services received by Plaintiff.

12. Schedule F of the bankruptcy petition listed the subject debt in the amount of $483.35. *See* Exhibit B, a true and correct copy of Schedule F filed in Jones's bankruptcy case.

13. On July 3, 2013, by virtue of listing EMP as a creditor, the Bankruptcy Noticing Center ("BNC") served EMP with a notice of Jones's bankruptcy filing. *See* Exhibit C, a true and correct copy of the BNC Certificate of Notice establishing service of the notice of filing upon EMP.

14. The BNC notice also provided all listed creditors with the name and address of Plaintiff's counsel and expressly stated that "contacting the debtor by phone" and "taking actions to collect money or obtain property from the debtor" was prohibited by the Bankruptcy Code. *Id*.

15. On August 26, 2014, the 341 Meeting of Creditors was held with the Chapter 7 Trustee. No representative or attorney from EMP appeared at the 341 Meeting of Creditors.

16. On October 28, 2014, the Bankruptcy Court entered an Order of Discharge in Jones's case of all dischargeable debts, including the subject debt pursuant to 11 U.S.C. §524. *See* Exhibit D, a true and correct copy of the Discharge Order.

17. Also on October 28, 2014, the BNC provided all listed creditors, including EMP, with notice of the Chapter 7 discharge. *See* attached Exhibit E, a true and correct copy the BNC Certificate of Notice of Discharge.

18. The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a

lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor...." *Id.* at p. 2.

19. Pursuant to 11 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by EMP or any other party.

20. At some point after Jones filed her bankruptcy, EMP sold the subject debt to Pendrick.

21. After acquiring ownership of the subject debt, Pendrick employed MLG to collect the subject debt on its behalf.

22. Jones's personal liability on the subject debt was extinguished by virtue of her bankruptcy discharge, thus terminating the business relationship with EMP and any of its successors and assigns, including MLG and Pendrick.

23. At all times relevant, Pendrick and MLG had a principal-agent relationship with regard to the subject debt and Jones.

24. Pendrick had a consensual, agency relationship with MLG whereby Pendrick (as the principal) had the right to control the activities of MLG (as the agent), and MLG had the authority to act on behalf of Pendrick.

### PENDRICK AND MLG'S POST-DISCHARGE COMMUNICATIONS

25. After the discharge injunction had taken effect, Pendrick and its agent, MLG, sought to collect the subject debt from Jones personally.

26. On January 23, 2015, MLG, on behalf of Pendrick, sent Jones a dunning letter which referenced the subject debt, demanding the amount of $892.56. *See* Exhibit F, a true copy of MLG's January 23, 2015 dunning letter and statement.

27. The dunning letter stated that: "This notice is being sent as a courtesy from Modern Law Group, LLC. Our client Pendrick Capital LLC, as EMP of Cook County LLC has hired our firm to provide you with the opportunity to resolve the above-referenced debt without possible collection efforts." *Id.*

28. The dunning letter also stated that: "As of this time no attorney with this firm has personally reviewed the particular circumstances of your account. This letter is *NOT* a threat of suit and *SHOULD* be construed to be a threat of suit."[1] *Id.*

29. The dunning letter further stated that: "This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose." *Id.*

30. The language in the letter was both confusing and contradictory in its composition.

31. Also on January 23, 2015, Jones received an e-mail from MLG to her personal e-mail account demanding payment of the subject debt.

32. Jones also received a series of phone calls to her cell phone from MLG demanding payment on the subject debt.

33. MLG contacted Jones to demand payment on the following dates and times:

> i. January 13, 2015;
> ii. January 14, 2015 (Jones answered this call and it lasted 2 minutes.);
> iii. January 21, 2015 (Jones received two calls on this date. One call was answered and it lasted 5 minutes.);
> iv. January 23, 2015 (Jones received four calls on this date.);
> v. January 26, 2015;
> vi. January 27, 2015 (Jones answered this call and it lasted 5 minutes.);
> vii. February 6, 2015;
> viii. February 9, 2015 (Jones received three calls on this date.);
> ix. February 10, 2015;
> x. February 11, 2015;
> xi. February 12, 2015;
> xii. February 13, 2015 (Jones received two calls on this date.);

---

[1] Italics added to emphasize contradictory and confusing language within the dunning letter.

      xiii.    February 16, 2015 (Jones received two calls on this date.);
      xiv.    February 17, 2015 (Jones answered this call and it lasted 3 minutes.);
      xv.    February 18, 2015 (Jones received two calls on this date.);
      xvi.    February 19, 2015 (Jones received four calls on this date. One call was answered and it lasted 9 minutes.);
      xvii.    February 24, 2015 (Jones received two calls on this date.);
      xviii.    February 26, 2015;
      xix.    February 27, 2015;
      xx.    March 2, 2015 (Jones answered this call and it lasted 3 minutes.); and
      xxi.    March 3, 2015.

34. During one of the first calls MLG placed to Jones's cell phone, Jones spoke with a representative from MLG.

35. During that call, Jones informed the representative from MLG that she had filed bankruptcy and requested that MLG cease all further collection activities since she was no longer liable for the subject debt.

36. On the other dates that Jones answered MLG's calls, she spoke with a representative named Rose each time.

37. During the course of each of the aforementioned calls placed to Jones's cell phone, Rose demanded from Jones payment of the subject debt.

38. At some point during each of the aforementioned calls, Jones informed Rose that she was no longer liable for the subject debt.

39. Jones was ignored by both of MLG's representatives and the collection activities continued.

40. On February 19th, 2015, MLG sent Jones a dunning letter identical to the first dunning letter sent by MLG on January 23, 2015. *See* Exhibit G, a true and correct copy of MLG's February 19, 2015 dunning letter and statement.

41. Also on February 19th, 2015, MLG sent Jones a copy of the aforementioned dunning letter via e-mail. *See* Exhibit H, a true and correct copy of the e-mail sent to Jones by MLG.

42. Concerned about the violations of her privacy rights and protections afforded by virtue of filing her Chapter 7 case, Jones sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

43. As a direct result of Pendrick's conduct, Jones has suffered emotional distress and mental anguish as the Defendants' collective harassment campaign led her to believe that her bankruptcy had no legal effect..

44. Jones has expended time and incurred costs to consult with her attorneys as a result of Defendant's unlawful collection actions.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST MLG AND PENDRICK)

45. Jones restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Jones is a "consumer" as defined by FDCPA § 1692a(3).

47. The subject debt qualifies as a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction for personal, family, or household purposes.

48. Pendrick and MLG each qualify as a "debt collector" as defined by § 1692a(6) because each regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

49. Pendrick and MLG each qualify as a "debt collector" because each was attempting to collect a debt originated by a third party.

50. Bankruptcy Code § 524(a)(2)-(3) commonly known as the discharge injunction, prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the

employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§ 524(a)(2)-(3).

51. Pendrick and MLG violated 15 U.S.C. §§ 1692 c(a)(2), d, d(5), e(2), e(5), e(10), and f(1) through their debt collection efforts on a debt discharged in bankruptcy.

    a. **Violation of FDCPA § 1692c**

52. Pendrick and MLG violated §1692 c(a)(2), by sending the dunning letters and an e-mail directly to Jones when they knew that Jones was represented by counsel. The identity and contact information of Jones's counsel was expressly stated in the Notice of Chapter 7 Bankruptcy Filing, which is a matter of public record, and was served upon Pendrick and MLG through their predecessor, EMP. Jones also notified MLG on at least three occasions that she was represented by an attorney and provided her counsel's contact information.

    b. **Violation of FDCPA § 1692d**

53. Pendrick and MLG engaged in abusive and oppressive conduct in violation of the FDCPA § 1692d(5) by repeatedly calling Jones to collect the subject debt.

54. Pendrick and MLG violated FDCPA § 1692d(5) by repeatedly causing Jones's cell phone to ring and engaging Jones in conversations regarding the collection of the subject debt.

55. Pendrick and MLG violated FDCPA §§ 1692d and d(5) when they harassed, oppressed, and abused Jones by relentlessly calling her and sending her correspondences in the form of letters and an e-mail seeking immediate payment in an effort to collect a discharged debt after she told them to stop.

    c. **Violation of FDCPA § 1692e**

56. Pendrick and MLG violated § 1692e(2) by falsely representing that the subject debt was owed at the time the dunning letters were sent when it was not by virtue of the bankruptcy discharge.

57. Pendrick and MLG violated § 1692e(5) by sending the dunning letters, placing phone calls, and sending an e-mail to Jones as they had no legal right to attempt to collect the subject debt by virtue of the bankruptcy discharge.

58. Pendrick and MLG violated § 1692e(10) by engaging in deceptive conduct as the subject debt was not owed at the time the dunning letters were sent to Jones.

    d. **Violation of FDCPA § 1692f**

59. Pendrick and MLG violated §1692f(1) by attempting to collect a debt not permitted by law as Jones's personally liability was discharged through bankruptcy.

60. Pendrick and MLG attempted to coerce and induce Jones into paying a debt that was not legally owed.

61. As experienced creditors and debt collectors, Pendrick and MLG knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

62. Pendrick and MLG knew or should have known that Jones's pre-petition debt was uncollectable as a matter of law.

63. Upon information and belief, Pendrick and MLG have no system in place to identify and cease collection of debts not collectible by virtue of bankruptcy.

9

WHEREFORE, Plaintiff ADJOURNIA JONES requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Award Jones statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Jones costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### (AGAINST MLG AND PENDRICK)

64. Jones restates and realleges paragraphs 1 through 44 as though fully set forth herein.

65. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. § 227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

66. Defendants violated the TCPA by placing at least 34 phone calls to Jones's cell phone using ATDS without Jones's consent. Any prior consent was revoked by virtue of Jones's discharge and Jones's verbal revocation.

67. Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendants are liable to Jones for at least $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendants' willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Jones is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff ADJOURNIA JONES requests that this Honorable Court:

a. Declare Defendants' conduct to be a violation of the TCPA;

b. Award Jones damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);

c. Award Jones reasonable attorney fees and costs; and

d. Award any other relief this Honorable Court deems equitable and just.

### COUNT III – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT
### (AGAINST PENDRICK)

68. Jones restates and realleges paragraphs 1 through 44 as through fully set forth herein.

69. Jones is a "person" as defined in ICFA, 815 ILCS 505/1, et seq.

**a. Unfairness**

70. Pendrick is engaged in commerce in the State of Illinois with regard to Jones and the subject debt. Pendrick specializes debt collection which are activities within the stream of commerce and utilized in its regular course of business.

71. Pendrick's demands for payment on the subject debt, which was duly scheduled in Jones's bankruptcy and ultimately discharged, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time the demands for payment were made.

72. It was unfair for Pendrick to seek to collect a discharged debt from Jones through misleading correspondences and phone calls to her cell phone when Jones had asked for the contact to stop.

73. It was unfair for Pendrick to attempt to induce Jones to make payments on a discharged debt by repeatedly directing its attorney to send communications that the subject debt was past due.

74. It was unfair for Pendrick to contact Jones through MLG knowing that she was represented by an attorney.

75. Pendrick intended that Jones rely on the its unfair acts and Jones did in fact rely on the unfair acts to her detriment.

76. Jones relied upon Pendrick's false and misleading information;

   i. by continuing to seek clarification that Pendrick had a record of her bankruptcy discharge;
   ii. listening to voicemails or taking phone calls regarding the subject debt on her cell phone;
   iii. taking time out of her day to discuss a discharge of the subject debt with Pendrick; and
   iv. spending time and money to consult with her attorneys regarding the effect of her discharge.

77. Pendrick bullied Jones, an unsophisticated consumer, into submission with perpetual unfair and deceptive conduct through lies, harassment, and deception regarding the collectability of the subject debt, and by ignoring her requests for the communications to stop or be directed to her attorney.

78. An award of punitive damages is appropriate because Pendrick's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Jones and consumers, generally, and Jones had no choice but to submit to the continued correspondences and phone calls.

WHEREFORE, Plaintiff ADJOURNIA JONES requests that this Honorable Court:

a. Enter judgment in her favor and against Pendrick;
b. Award Jones her actual damages in an amount to be determined at trial;
c. Award Jones punitive damages in an amount to be determined at trial;
d. Award Jones her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: March 12, 2015          Respectfully Submitted,

/s/ Mohammed O. Badwan, Esq.

Mohammed O. Badwan, Esq. ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188